UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JASON CRUMRINE,                                        ORDER
                              Plaintiff,
                  - against -
VIVINT SOLAR, INC., et al.,                            19-CV-5777 (FB) (JO)
                              Defendants.
------------------------------------------------------------X
ZHAOER LI,
                              Plaintiff,
                  - against –
VIVINT SOLAR, INC., et al.,                            19-CV-6165 (FB) (JO)
                              Defendants.
------------------------------------------------------------X

James Orenstein, Magistrate Judge:

In each of the captioned actions, the named plaintiffs assert securities claims on behalf of a

putative class. *See* Docket Entry ("DE") 5.[1] On December 10, 2019, four groups of movants filed

competing motions seeking to consolidate the two actions and appoint a lead plaintiff and lead

counsel. *See* DE 6; DE 8; DE 10; DE 14. The court referred the motions to me by order dated

December 11, 2019. Since then, the parties have effectively resolved the matter on consent: all of the

motions have been withdraw except for that of Billy Wallace ("Wallace") and Kyu S. Jang ("Jang").

*See* DE 17; DE 18; DE 19; DE 20. I therefore grant the latter motion and find the others moot.

All movants agree that the two actions should be consolidated. *See* DE 7 at 3-4; DE 9 at 3-4;

DE 12 at 4; DE 16 at 3-4; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(ii). The two complaints are substantially

similar: they allege the same claims against the same defendants, on behalf of the same putative class.

I therefore find consolidation is appropriate. *See* Fed. R. Civ. P. 42(a).

Moreover, there is now no dispute that Wallace and Jang should be appointed lead plaintiffs:

they appear to possess the largest financial interest in the relief sought by the putatitive class and are,

thus, presumed to be the most adequate to represent the class – a presumption that no other

---

[1] Unless otherwise indicated, all citations to filings in these cases refer to the *Crumrine* docket.

movant has sought to rebut. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), (II). They also satisfy the typicality

and adequacy requirements for service as class representative. *See* Fed. R. Civ. P. 23(a)(3), (4).

Appointing Wallace and Jang together to serve as co-lead plaintiffs, to which no other movant now

objects, is consistent with applicable law. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Sequans Commc'ns*

*S.A. Sec. Litig.*, 289 F. Supp. 3d 416, 423-24 (E.D.N.Y. 2018) (discussing factors that evaluate

whether a grouping of unrelated investors best serves the interest of the class). Finally, there appears

to be no reason to deny the approval of Wallace and Jang's selection of Bragar Eagel & Squire, P.C.

as lead counsel. *See* 15 U.S.C. § 78u–4(a)(3)(B)(v); *see also Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 211

(E.D.N.Y. 2019) (courts generally defer "to the plaintiff's choice of counsel, and will only reject the

plaintiff's choice if [it is] necessary to protect the interests of the class.") (internal quotations

omitted).

      For the reasons set forth above, I grant the motion of Billy Wallace and Kyu S. Jang and find

the remaining motions to be moot.

      SO ORDERED.

Dated: Brooklyn, New York
       March 23, 2020

                                      /s/
                              James Orenstein
                              U.S. Magistrate Judge