UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x

*In re Vivint Solar, Inc. Securities Litigation*

-----------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:19-cv-05777 (FB) (CLP)

*Appearances:*
*For the Plaintiff*:
W. Scott Holleman
Bragar Eagel & Squire, P.C.
810 Seventh Avenue, Suite 620
New York, NY 10019

*For the Defendant*:
Kevin M. McDonough
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022

**BLOCK, Senior District Judge:**

In this putative class action, plaintiffs allege that defendant Vivint Solar, Inc. ("Vivint"), and certain of its officers and directors, violated sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and U.S. Securities and Exchange Commission Rule 10b-5. All defendants move, pursuant to 28 U.S.C. § 1404(a), to transfer the action to the District of Utah.[1] For the following reasons, the motion is granted.

## I.

Vivint is a residential solar energy provider that designs, installs, and maintains solar energy systems. The plaintiffs' Amended Complaint alleges that

---

[1] With the consent of the parties, the Court decides the transfer of venue issue based on the detailed letters submitted by counsel. *See* ECF No. 32, 33, 35, 36.

Vivint Solar engaged in widespread "deceptive, fraudulent, and unethical sales practices." Amended Compl. ¶ 2. These practices allegedly produced numerous lawsuits by aggrieved customers and investigations by state attorneys general that were not disclosed to investors. The plaintiffs allege that based on this and other undisclosed negative information, Vivint's share price dropped 4.6 % during a two-day trading period in 2019. Amended Compl. ¶ 7, 141. Broadly, the plaintiffs claim that defendants' knowledge or reckless disregard of the deceptive sales practices and resulting litigation rendered certain statements in Vivint's financial statements false or misleading.

Vivint[2] commenced operations in 2011. The company currently occupies approximately 150,000 square feet of office space in Lehi, Utah under a lease that expires in 2031. *See* Dana Russell Decl. ¶ 4. Both individual defendants, David Bywater and Dana Russell, reside in Utah and work out of the company's Lehi, Utah office. *See* Dana Russell Decl. ¶ 6. Five employees named in Plaintiff's Amended Complaint – Chance Allred, Paul Dickson, Jeremy Sabin, Nicholas Hansen, and Tyler Anderson – work or reside in Utah. *Id*. The company prepared the reports and public filings discussed in the Amended Complaint in Utah. Moreover, "[n]one of

---

[2] Vivint Solar is now a subsidiary of a company called Sunrun. *See* Press Release, Sunrun Investor Relations, *Sunrun Completes Acquisition of Vivint Solar to Accelerate Clean Energy Adoption and Enhance Customer Value* (Oct. 8, 2020), https://investors.sunrun.com/news-events/press-releases/detail/216/sunruncompletes-acquisition-of-vivint-solar-to-accelerate.

the Vivint Solar personnel responsible for preparing and drafting … Vivint Solar's financial disclosures or other investor communications are located in New York." Dana Russell Decl. ¶ 7. The records and documents relating to Vivint's internal business procedures, financial reports, and other investor communications are located at the company's offices in Utah. *See* Dana Russell Decl. ¶ 8.

## II.

"[M]otions for transfer lie within the broad discretion of the courts and are determined upon notions of convenience and fairness on a case-by-case basis." *Publicker Indus., Inc. v. United States*, 980 F.2d 110, 117 (2d Cir. 1992). The movant has the burden of establishing by clear and convincing evidence that transfer is warranted. *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010).

"Deciding a § 1404(a) motion to transfer venue requires a two-part inquiry: first, whether the action to be transferred might have been brought in the transferee court; and second, whether considering the convenience of the parties and witnesses, and the interest of justice, a transfer is appropriate." *City of Warren Police & Fire Ret. Sys. v. Zebra Techs. Corp.*, CV174412SJFAKT, 2019 WL 3997354, at *3 (E.D.N.Y. Aug. 23, 2019) (*citing Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 28-29 (E.D.N.Y. 2014)).

As to the first part of the inquiry, this action could have been brought in the District of Utah where Vivint is headquartered, where the relevant corporate witnesses reside, and where the financial disclosures and statements challenged by the plaintiffs were prepared. *See, e.g., In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 168 n.3 (E.D.N.Y. 2006)

The second part of the inquiry requires the court to analyze the following factors:

> (1) plaintiff's choice of forum, (2) the convenience to witnesses, (3) the location of relevant documents and ease of access to sources of proof, (4) the convenience of parties to the suit, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, (9) trial efficiency, and (10) the interest of justice, based on the totality of circumstances.

*Zebra Techs.*, 2019 WL 3997354 at *3; *see also New York Marine & Gen.*, 599 F.3d. at 112; *Hanger Orthopedic*, 418 F. Supp. 2d at 168. The Court will consider the factors in determining the appropriateness of transfer.

### Factor 1: Plaintiff's Choice of Forum

A plaintiff's choice of forum is given "great weight." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006). It "should not be disturbed unless the

4

balance of the factors is strongly in favor of the defendant." *Hanger Orthopedic*, 418 F. Supp. 2d at 170 (*quoting Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998)). "However, when the plaintiff does not reside in the chosen forum, and the plaintiff's chosen forum has no material connection to the facts or issues of the case, that weight is diminished." *Id*. (*quoting Cali v. East Coast Aviation Servs.*, Ltd., 178 F. Supp. 2d 276, 292 (E.D.N.Y. 2001)).

Here, as in *Hanger Orthopedic*, none of the named plaintiffs reside in New York. Lead counsel for the plaintiffs seeks to represent a class of individuals who reside all over the country. Although the plaintiffs' letter suggests transfer would be inconvenient for New York based counsel, this is not a traditional focus of analysis.

This factor weighs lightly in favor of retaining venue in New York.

### Factor 2: Convenience to Witnesses

"The convenience of non-party witnesses is usually the most important factor to consider in deciding whether to depart from the plaintiff's choice of venue." *Hanger Orthopedic*, 418 F. Supp. 2d at 168.

The defendants note that most of the key witnesses reside in Utah. Since the plaintiffs seek to prove that the financial disclosures prepared in and disseminated from Vivint's headquarters contained materially false statements and omissions, the claim revolves around the actions of Vivint's senior management in Utah.

The plaintiffs contend the defendants and their witnesses will not suffer any inconvenience if the case proceeds in New York because plaintiffs' counsel is willing to take their depositions wherever they reside. Moreover, since the litigation is taking place during the COVID-19 pandemic, most depositions are taking place using video conferencing technology, which makes the physical location of witnesses less significant. The plaintiffs also highlight case law suggesting that venue is appropriate in a given forum if the defendant does "significant business, and maintains a substantial operational presence" there. *Certain Underwriters at Lloyd's London v. Nat'l R.R. Passenger Corp.*, 14-CV-04717-FB-CLP, 2015 WL 1182764, at *4 (E.D.N.Y. Mar. 13, 2015).

"To establish that the location of witnesses supports transfer, 'the movant must supply an affidavit identifying witnesses and the probable subject matter of their testimony.'" *Zebra Techs.*, 2019 WL 3997354, at *5 (*citing Pall Corp. v. PTI Techs., Inc.*, 992 F. Supp. 196, 201 (E.D.N.Y. 1998)). Here, unlike in *Zebra Techs*, the plaintiffs have provided a detailed declaration from Vivint CFO Dana Russell. As discussed above, it establishes that Russell and the other executives whose actions will be scrutinized reside in Utah and prepared the reports at Vivint's headquarters there. Although Vivint operates nationally, including in New York, the Court finds this factor is predominantly concerned with reducing the burdens of time

6

consuming and distracting travel by witnesses. As a result, this factor weights in favor of transferring venue to Utah.

### Factor 3: The Location of Relevant Documents and Ease of Access to Sources of Proof

"Securities fraud litigation almost invariably involves production and review of a vast number of documents, almost all of which are in the defendants' possession." *Hanger Orthopedic*, 418 F. Supp. 2d at 170 (*quoting Blass v. Capital Int'l Sec. Grp.*, 99-CV-5738 (FB), 2001 WL 301137, at *6 (E.D.N.Y. Mar. 23, 2001)).

The defendants contend this factor favors transfer because virtually all the documentary evidence is in Utah.

The plaintiffs point out that courts do not view this factor as especially significant in our age of computers and document scanning technology. *See EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 352 (E.D.N.Y. 2012) (collecting cases).

This factor weights lightly in favor of transfer to Utah, but the ease of transmitting documents reduces its significance.

### Factor 4: Convenience to the Parties

The members of the class are likely to be "geographically dispersed throughout the United States." *Hanger Orthopedic*, 418 F. Supp. 2d at 169 (*quoting Blass*, 2001 WL 301137, at *5). Thus, the class members will likely be

7

"inconvenienced whether the case proceeds in New York or [the alternative jurisdiction]." *Zebra Techs. Corp.*, 2019 WL 3997354 at *5.

By contrast, the named defendants are all residents of Utah, and numerous Vivint employees named in the complaint reside there as well. Since the senior management of *Vivint* might all be forced to travel to New York if the case proceeded to trial, venue in the Eastern District of New York "carries a real risk of disrupting company operations." *Hanger Orthopedic*, 418 F. Supp. 2d at 169; *see also In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 404 (S.D.N.Y. 1998) (transferring case to avoid "significant disruption to the operations of [defendants'] businesses").

This factor weighs in favor of transfer to Utah.

### Factor 5: The Locus of Operative Facts

Plaintiffs' claims are based on the defendants' failure to disclose legal action stemming from the company's allegedly deceptive sales practices. This alleged behavior is national in scope. It apparently occurred in New York as the New York Attorney General secured a large settlement related to the practices. Plaintiffs also contend that a company which does business in the district cannot argue it would be substantially inconvenienced by litigating there. *See Sunshine Cellular v. Vanguard Cellular Sys., Inc.*, 810 F. Supp. 486, 500 (S.D.N.Y. 1992) ("Since Vanguard does business in this district, it cannot contend that it would be substantially inconvenienced by litigating here").

8

The defendants counter that the suit is fundamentally a securities fraud action that will be focused on the material accuracy of Vivint's financial disclosures, which were prepared and disseminated from Utah. As a result, Vivint's Utah headquarters is the "center of gravity in this litigation." *In re McDermott Int'l, Inc. Sec. Litig.*, 08-CIV-10615-DC, 2009 WL 1010039, at *6 (S.D.N.Y. Apr. 13, 2009). The company's filings were prepared and signed by senior management in Utah and were disseminated from the Lehi, Utah corporate office.

"Misrepresentations and omissions are deemed to 'occur' in the district where they are transmitted or withheld, not where they are received." *Nematron*, 30 F. Supp. 2d at 404 (citation and internal quotation marks omitted). Since conduct that occurred in Utah is the primary focus of the litigation – and not the alleged nationwide sales practices – this factor weighs in favor of transfer to Utah.

**Factor 6: Ability of Process to Compel the Attendance of Unwilling Witnesses**

This factor is not addressed in detail by either party. The defendants point out, to the extent that there are unwilling witnesses, they are likely to reside in Utah and not within the Eastern District of New York. The plaintiffs point out that a company has the ability to compel the testimony of its employees. *See Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000).

This factor is given little weight but weighs lightly in favor of transfer to Utah.

9

**Factor 7: The Relative Means of the Parties**

Plaintiffs' counsel works at a firm with multiple offices in various parts of the United States. Defense counsel works for a large firm with offices throughout the United States and around the world. This factor, which is designed to account for situations where an "apparent disparity exists between the parties," does not weigh strongly in favor of either party. *Zebra Techs.*, 2019 WL 3997354, at *7 (*citing Blass*, 2001 WL 301137, at *6).

**Factor 8: Forum's Familiarity with Governing Law**

The "[p]laintiffs raise only federal claims, with which this Court and the [alternate venue] are equally familiar." *Hanger Orthopedic*, 418 F. Supp. 2d at 170. This factor does not favor either side.

**Factors 9 & 10: Interests of Justice/Trial Efficiency**

Courts have often assessed these factors by examining docket congestion. *See, e.g., Zebra Techs.*, 2019 WL 3997354, at *7. The submissions do not analyze this issue in detail. These factors do not weigh heavily in favor of either party.

**Conclusion**

This case involves non-New York plaintiffs and Utah based defendants. It is focused on conduct that occurred in Utah. Most of the witnesses and documents are in the District of Utah.

Having considered the underlying facts and the relevant factors, the Court is persuaded the defendants have made the required "clear-cut showing" such that transfer to the District of Utah is warranted. *Hanger Orthopedic*, 418 F. Supp. 2d at 171-72 (*citing O'Hopp v. ContiFinancial Corp.*, 88 F. Supp. 2d 31, 35 (E.D.N.Y. 2000)).

Defendants' motion is granted. The Clerk is directed to transfer the case, including all actions consolidated thereunder, to the District of Utah.

**SO ORDERED.**

       **/s/ Frederic Block**
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 30, 2020